**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NYX, Los Angeles Inc., a Delaware corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>NX FACTORS COSMETICS, LLC, an Indiana Limited Liability Company.<br><br>      Defendant. | CASE NO. 1:12-CV-08992<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, PASSING OFF, FALSE DESIGNATION OF ORIGIN AND VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff NYX, Los Angeles Inc. ("NYX" or "Plaintiff"), by and through its attorneys Dorsey & Whitney LLP, for its complaint against Defendant, NX Factors Cosmetics, LLC ("NXF" or "Defendant"), avers as follows:

SUMMARY OF THE COMPLAINT

1. This is an action for trademark infringement, passing off, false designation of origin and cybersquatting under federal laws resulting from Defendant's use of the trademarks NXF and NX FACTORS in connection with cosmetics and the sale thereof on the Internet and other places of commerce in a manner likely to cause confusion as to source or sponsorship; and Defendant's bad faith registration and use of the domain names www.nxfcosmetics.com and www.nxfactorscosmetics.com (the "Domain Names").

**COMPLAINT - 1**

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

2. Plaintiff has never authorized Defendant to engage in any of the acts complained of herein. Plaintiff's claims arise under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq*. and the Anticybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d).

## THE PARTIES

3. Plaintiff, NYX is a Delaware corporation having its principal place of business at 2230 S. Tubeway Ave., City of Commerce, CA 90040.

4. On information and belief, Defendant NXF is an Indiana limited liability company with a principal place of business at 700 N Alabama St., #408, Indianapolis, IN 46204.

## SUBJECT MATTER JURISDICTION

5. The First Cause of Action arises under the United States Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §§ 1051-1128. Jurisdiction in this Court over these causes of action is proper pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6. The Second Cause of Action arises under the Anticybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d). Jurisdiction in this Court over this cause of action is proper pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

## PERSONAL JURISDICTION

7. Personal jurisdiction over Defendant is proper under the laws of the State of Illinois and under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution. A substantial part of the events giving rise to the claims arose in Illinois, Defendant does business in Illinois, solicits customers in Illinois and, on information and belief, derives substantial revenue from products sold in Illinois. According to Defendant's website, Defendant has numerous persons on its Board of Advisors who are located in Chicago, Illinois.

**COMPLAINT - 2**

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

## VENUE

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Defendant regularly conducts business in this District and/or a substantial part of the events giving rise to the claims arose in this District.

## PLAINTIFF'S TRADEMARKS

9. Plaintiff created, adopted and commenced use of the trade name and trademark NYX (the "NYX mark") in or about 1999, choosing the NYX mark to signify Nyx (pronounced "Niks"), the Greek goddess of the night. The Greek goddess Nyx is featured on several products under the NYX mark as follows:




10. Since 1999, Plaintiff has developed a strong reputation under the NYX brand for offering a wide-variety of chic, professional quality color cosmetics at a competitive price point, and NYX is now the fastest growing color cosmetics company in the world. NYX maintains one of the broadest product offerings in the industry, with more than 100 types of cosmetic products involving over 2,000 SKUs. NYX sells cosmetics products, including eye, lip, face and nail products, cosmetic bags and cases, and make-up brushes under the NYX mark to more than

**COMPLAINT - 3**

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

3,000 cosmetics retailers in the United States, and over 20 international distributors who cover 2,000 retailers in at least 50 foreign countries. NYX also sells cosmetics products to thousands of individual customers via the company's website located at www.nyxcosmetics.com.

11. Since 1999, Plaintiff has adopted and commenced use of variants of the NYX mark, including the logo  (the "NYX logo") and the mark NYX COSMETICS, which Plaintiff uses on its web site located at www.nyxcosmetics.com, on its Facebook (www.facebook.com/nyxcosmetics), Twitter (www.twitter.com/nyxcosmetics) and YouTube (www.youtube.com/nyxcosmetics) pages (the "NYX COSMETICS mark"), to identify and distinguish its cosmetic products and its related retail store services. Plaintiff continues to use the NYX mark, the NYX logo and the NYX COSMETICS mark. No entities other than Plaintiff are authorized to sell cosmetic products in the United States under the aforementioned trademarks.

**COMPLAINT - 4**

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

12. Plaintiff is the owner of the NYX mark and NYX logo and has registered such marks in the United States Patent and Trademark Office as follows:

| Mark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| NYX (logo) | 3,310,409 | October 16, 2007 | International Class 3: Liquid make up, compact powder, loose powder, powder blush, cream blush, eyebrow pencils, eyebrow powder, eye shadow, liquid eye liner, mascara, eye shadow pencil, eye liner pencil, gel and cream eye liner, pearl powder shadow, lipstick, lip liner pencil, jumbo lipstick pencil, body bronzer powder, body bronzer lotion, body bronzer cream, false eyelashes, nail polish, glue for false eyelashes, nail polish remover, cuticle cream, facial cleansing pads, facial mask sheets, eye cream, neck cream, shampoo, body lotion, shower gel, bath foam, massage cream |
| **NYX** | 4,044,027 | October 25, 2011 | International Class 3: Cosmetics and make-up, liquid make up, solid powder for compacts, loose face powder, powder blush, cream blush, eyebrow pencils, eyebrow powder, eye shadow, liquid eye liner, mascara, eye shadow pencil, eye liner pencil, gel and cream eye liner, pearl powder shadow, lipstick, lip liner pencil, jumbo lipstick pencil, body bronzer powder, body bronzer lotion, body bronzer cream, false eyelashes, nail polish, glue for false eyelashes, nail polish remover, cuticle cream, facial beauty mask sheets, eye cream, neck cream, shampoo, body lotion, shower gel, bath foam, massage cream, cosmetic soap.<br><br>International Class 18: Cosmetic bags, cosmetic cases, cosmetic carrying cases all sold empty. |

**COMPLAINT - 5**

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

|  |  |  | International Class 21: Make-up brushes. International Class 25: Clothing, namely, t-shirts, aprons, polo shirts, pants, tank tops, long-sleeved shirts. International Class 35: Online retail store services featuring cosmetics, make-up, cosmetic bags, cosmetic cases, cosmetic carrying cases, make-up brush holders and make-up brushes. |
|---|---|---|---|

13. Each of the above-referenced registrations is currently valid, subsisting and in full force and effect, registered on the Principal Trademark Register, and incontestable pursuant to 15 U.S.C. § 1065. Copies of the certificates of registration for the above-referenced registrations are attached hereto as Exhibit A.

14. The NYX logo is also registered or the subject of a pending application covering cosmetics products in more than fifty (50) countries around the world.

15. As a result of the time, effort and money invested in its business, NYX has achieved a reputation for excellence in the cosmetic industry. It enjoys a substantial demand for its cosmetic products and tremendous goodwill in the NYX mark, the NYX logo and the NYX COSMETICS mark.

16. NYX's trademarks have acquired strong secondary meaning in the minds of the purchasing public and the business community. Through widespread and favorable public acceptance and recognition, these marks have become valuable assets to Plaintiff.

**COMPLAINT - 6**

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

DEFENDANT NXF'S WRONGFUL ACTIONS

17. On information and belief, in July of 2012, NXF began selling nail and cosmetic products under the NX FACTORS trademark and the NXF logo and began operating a website on the Internet at "www.nxfcosmetics.com", through which Defendant advertised and sold its cosmetic products. On information and belief, Defendant's NX FACTORS mark will be perceived in the marketplace and pronounced by actual and potential consumers as "Niks" Factors. Plaintiff's name: NYX, uses the same pronunciation. NXF's cosmetic products, web site and online retail store services are not affiliated with or authorized by Plaintiff. Defendant's use of the confusingly similar NX FACTORS trademark and NXF logo and the Domain Names in the above-described manner falsely suggests that Defendant NXF is an authorized retailer of Plaintiff NYX's cosmetic products and/or that Defendant is otherwise affiliated or associated with Plaintiff.

18. On information and belief, Defendant registered the domain name "www.nxfcosmetics.com" on January 23, 2012. A printout from the publicly available WhoIs? database listing the registration information for the Domain Names is attached hereto as Exhibit B.

19. Printouts from Defendant's website located at "www.nxfcosmetics.com" evidencing its use of the NX FACTORS and the NXF logo and the Domain Names to identify its unauthorized cosmetic products are attached hereto as Exhibit C.

20. On information and belief, in or around December of 2011, Defendant began operating a Facebook page at www.facebook.com/nxfcosmetics and a Twitter page at www.twitter.com/nxfcosmetics using the Twitter handle nxfcosmetics. Printouts from Defendant's Facebook and Twitter pages are attached hereto as Exhibit D.

**COMPLAINT - 7**

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

21. On information and belief, Defendant registered the domain name "www.nxfactorscosmetics.com" on October 5, 2011. A printout from the publicly available WhoIs? database listing the registration information for the Domain Names is attached hereto as Exhibit E.

22. On information and belief, on or around October 23, 2012, after receiving Plaintiff's cease and desist letter dated October 19, 2012 (a copy of which is attached hereto as Exhibit F), Defendant modified its web site at "www.nxfcosmetics.com", its Facebook page at www.facebook.com/nxfcosmetics, and its Twitter page at www.twitter.com/nxfcosmetics. Recently, Defendant changed the Twitter handle "nxfcosmetics" and began operation of a web site at "www.nxfactorscosmetics.com", a Facebook page at www.facebook.com/nxfactorscosmetics, a Twitter page at www.twitter.com/nxfactorscosmetics, and began using the Twitter handle "nxfactorscosmetics." Printouts from Defendant's website located at "www.nxfactorscosmetics.com" and printouts of Defendant's Facebook and Twitter pages using "nxfactorscosmetics", which evidence Defendant's use of the NX FACTORS and the NXF logo and the domain name "www.nxfactorscosmetics.com" to identify its unauthorized cosmetic products, are attached hereto as Exhibit G.

23. Defendant held a launch party for its cosmetic products sold under the NX FACTORS trademark and NXF logo in Chicago, Illinois on November 2, 2012. Printouts from Defendant's website and Facebook pages and press releases advertising the launch party and photos from Defendant's launch party are attached hereto as Exhibit H.

24. Defendant's use of the confusingly similar NX FACTORS trademark and NXF logo and the Domain Names in the above-described manner falsely suggests that Defendant NXF

**COMPLAINT - 8**

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

is an authorized retailer of Plaintiff NYX's cosmetic products and/or that Defendant is otherwise affiliated or associated with Plaintiff.

25. As a result of Defendant NXF's entrance into the color cosmetics market with trademarks and Domain Names that are so similar to Plaintiff's established NYX mark, NYX logo and NYX COSMETICS mark, potential purchasers are likely to be confused or misled into believing that Defendant's product sold under the NXF mark is Plaintiff's established NYX product, or that Defendant's NXF product is from NYX. Further, purchasers are likely to be confused or misled into believing that the Defendant's NXF product is somehow endorsed, sponsored or approved by the NYX.

## DEFENDANT NXF'S WILLFULNESS

26. Upon information and belief, Defendant, with full knowledge of Plaintiff's rights in and to its NYX mark and without the consent of Plaintiff, adopted and caused to be used in interstate commerce the confusingly similar NX FACTORS trademark and NXF logo in connection with the cosmetic products and the advertising and online retail sale thereof with the intent of trading off the reputation of Plaintiff's NYX mark, NYX COSMETICS mark and NYX logo.

27. Upon information and belief, Defendant, with full knowledge of Plaintiff's rights in and to its NYX mark and without the consent of Plaintiff, registered the domain name "www.nxfactorscosmetics.com" on October 5, 2011 and the domain name "www.nxfcosmetics.com" on January 23, 2012.

28. In apparent recognition that Defendant was infringing on Plaintiff's marks, upon information and belief, Defendant changed the operation of its web site at "www.nxfcosmetics.com", its Facebook page at www.facebook.com/nxfcosmetics and its

COMPLAINT - 9

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Twitter handle at www.twitter.com/nxfcosmetics on or around October 23, 2012 after receiving Plaintiff's cease and desist letter dated October 19, 2012, and began operation of its web site at "www.nxfactorscosmetics.com", a Facebook page at www.facebook.com/nxfactorscosmetics and its Twitter handle at www.twitter.com/nxfactorscosmetics on or around that date.

29. Upon information and belief, Defendant committed the aforementioned unlawful acts willfully and in bad faith.

FIRST CAUSE OF ACTION

(Trademark Infringement – 15 U.S.C. § 1117)

30. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 29 of the Complaint as set forth above.

31. Defendant's use of the confusingly similar NXF logo and NX FACTORS trademark in connection with the advertising and sale of cosmetic products, as alleged herein, is calculated to and is likely to deceive, mislead and confuse the relevant public as to the source or sponsorship of Defendant's cosmetic products, or is likely to lead the public to believe that Plaintiff's goods originate with Defendant. Such use therefore constitutes trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

32. As a result of Defendant's acts as alleged herein, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendant are profiting at Plaintiff's expense.

33. Plaintiff has no adequate remedy at law for the infringement of its trademarks as alleged herein. Unless Defendant is temporarily, preliminarily and permanently enjoined by the Court, Plaintiff will continue to suffer irreparable harm.

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

## SECOND CAUSE OF ACTION

(False Designation of Origin and Passing Off – 15 U.S.C. § 1125(a))

34. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 to 33 of the Complaint as set forth above.

35. By reason of Defendant's adoption and use of the confusingly similar NXF logo and NX FACTORS trademark as alleged herein, purchasers and prospective purchasers of Defendant's cosmetic products are led to believe that Defendant's cosmetic products originate from or are sponsored or otherwise approved by Plaintiff when, in fact, they are not, or that Plaintiff's goods originate with Defendant when, in fact, they do not.

36. Defendant's misleading use of the confusingly similar NXF logo and NX FACTORS trademark constitutes false designation of origin, false representation and trademark infringement in and affecting interstate commerce in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. As a result of Defendant's acts, as alleged herein, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Defendant is profiting at Plaintiff's expense.

38. Plaintiff has no adequate remedy at law for the acts complained of herein. Unless Defendant is temporarily, preliminarily and permanently enjoined by the Court, Plaintiff will continue to suffer irreparable harm.

## THIRD CAUSE OF ACTION

(Anticybersquatting Consumer Protection Act – 15 U.S.C. § 1125(d))

39. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 to 38 of the Complaint as set forth above.

**COMPLAINT - 11**

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

40. The Defendant's Domain Names are confusingly similar to Plaintiff's registered NYX trademark, NYX logo and Plaintiff's common law mark NYX COSMETICS.

41. Plaintiff has not consented to registration or use of the Domain Names by Defendant.

42. Defendant did not make prior use of the Domain Names in connection with the bona fide offering of any goods or services. Instead, Defendant has used the Domain Names only in connection with the online advertising and sale of cosmetics products.

43. Defendant registered and is using the Domain Names for commercial gain with the specific intent to divert consumers from Plaintiff's Internet web site located at "www.nyxcosmetics.com" to a web site accessible under the Domain Names. A printout of Plaintiff's Internet web site located at "www.nyxcosmetics.com" is attached hereto as Exhibit I.

44. Defendant's registration of the Domain Names for commercial gain will harm the goodwill represented by the NYX mark by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the site.

45. Defendant acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d).

## FOURTH CAUSE OF ACTION

(Violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.)

46. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 to 45 of the Complaint as set forth above.

47. Defendant's actions complained of herein constitute unfair trade practices in violation of 815 ILCS 510/1 et seq. in that Defendant's conduct is likely to deceive, mislead and confuse the relevant public as to the source or sponsorship of Defendant's cosmetic products.

**COMPLAINT - 12**

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

48. Because Defendant had actual and constructive notice of Plaintiff's prior use of and rights in the NYX mark, the NYX logo and the NYX COSMETICS mark, Defendant willfully engaged in unfair trade practices in violation of Illinois law.

49. As a result of Defendant's acts as alleged herein, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendant are profiting at Plaintiff's expense.

## FIFTH CAUSE OF ACTION

(Unfair Competition)

50. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 to 49 of the Complaint as set forth above.

51. Defendant's actions complained of herein constitute unfair competition in violation of Illinois common law, as the aforementioned acts constitute an intentional misappropriation of Plaintiff's marks, reputation and commercial advantage.

52. As a result of Defendant's aforesaid conduct, Plaintiff has suffered substantial damage and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, Plaintiff will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment and for relief against Defendant as follows:

1. That Defendant, its owners, officers, agents, servants, employees, representatives and all other persons, firms or corporations, acting in active concert or participation with them, be temporarily, preliminarily and, thereafter, permanently enjoined and restrained from:

**COMPLAINT - 13**

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

(a). advertising, promoting and/or offering cosmetic products under the confusingly similar NXF logo and NX FACTORS trademark or any other commercial designation confusingly similar to a trademark or service mark owned by Plaintiff; and

(b). doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade as to the source of the cosmetic products advertised or offered by Defendant or likely to deceive members of the public or the trade into believing that there is some connection between Defendant;

2. That Defendant be found and adjudged to have willfully infringed Plaintiff's trademarks and to have willfully committed acts of passing off and false designation of origin;

3. That Defendant account for and pay over to Plaintiff all of the profits which they realized from the cosmetics products offered under or in connection with the confusingly similar NXF logo and NX FACTORS trademark;

4. That Plaintiff recover its damages sustained as a result of Defendant's infringement of Plaintiff's trademarks and acts of passing off and false designation;

5. That Plaintiff be awarded three times Defendant's profits or three times Plaintiff's damages sustained as a result of Defendant's infringement of Plaintiff's marks and acts of passing off and false designation of origin, whichever is greater, pursuant to 15 U.S.C. §§ 1117(a) and (b);

6. That Plaintiff be awarded its reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1117(a) and (b);

7. That Plaintiff recover the costs of this action;

**COMPLAINT - 14**

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

8. That Defendant be ordered to take down its website or remove any designation therefrom which infringes Plaintiff's trademark rights or which otherwise constitutes passing off or false designations of origin;

9. That, pursuant to 15 U.S.C. § 1118, Defendant be ordered to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, articles, advertisements and promotional materials in its possession bearing the confusingly similar NXF logo and NX FACTORS trademark, any variant thereof and/or any name or mark confusingly similar to Plaintiff's NYX mark;

10. That, pursuant to 15 U.S.C. § 1116(a), Defendant be directed to file with the Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which they have complied with the injunction;

11. That Defendant be ordered to identify to Plaintiff, through corporate records kept in the ordinary course of business, all affiliates and related entities, owners, officers and/or employees of Defendant;

12. That, pursuant to 15 U.S.C. § 1125(d)(1)(C), Defendant preliminarily and permanently transfer to Plaintiff ownership of the Domain Names as well as any certificates of registration for the Domain Names deposited in the registry of this Court;

13. That, pursuant to 15 U.S.C. § 1116, Defendant be enjoined from re-registering the Domain Names or a domain name substantially or confusingly similar to the Domain Names, with a different registrar or in a different top level domain in the future;

14. That Plaintiff be awarded statutory damages in the amount of $100,000 pursuant to 15 U.S.C. § 1117(d);

COMPLAINT - 15

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

15. That Plaintiff be awarded its reasonable attorneys' fees, costs and disbursements incurred herein, pursuant to 15 U.S.C. §1117(a), and entering judgment therefore in Plaintiff's favor; and

16. That Plaintiff be granted such other and further relief as the Court deems just and proper.

DATED this 8th day of November 2012.

DORSEY & WHITNEY LLP

*/s/ James E. Howard*
James E. Howard, (ARDC No. 6271018)
Columbia Center
701 Fifth Ave., Ste. 6100
Seattle, WA 98104
Phone: (206) 903-8800
Fax: (206) 903-8820

Of Counsel:
Peter Ehrlichman
erlichman.peter@dorsey.com
Patchen M. Haggerty
haggerty.patchen@dorsey.com

Attorneys for Plaintiff NYX, Los Angeles Inc.

**COMPLAINT - 16**

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820